1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HAROLD WACHTER,                          CASE NO. 1:10-cv-00076-SKO PC

            Plaintiff,                 ORDER DISMISSING COMPLAINT,
                                         WITH LEAVE TO AMEND, FOR FAILURE
   v.                                    TO STATE A CLAIM UNDER SECTION 1983

STEVEN MAYBERG, et al.,                   (Doc. 1)

            Defendants.               THIRTY-DAY DEADLINE

_____/

### Screening Order

## I.    Screening Requirement and Standard

Plaintiff Harold Wachter, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on January 14, 2010.  The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines that the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

conclusions are not. Iqbal, 129 S.Ct. at 1949. Plaintiff's factual allegations must be sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.    Plaintiff's Complaint

### A.    Summary of Allegations

Plaintiff is a civil detainee at Coalinga State Hospital (CSH) in Coalinga, California. On July 28, 2006, administrators at CSH issued Administrative Directive (AD) 654, which permitted patients to own laptop computers. AD 654 was amended on November 9, 2006, to provide that laptop ownership was a privilege rather than a right. In 2009, the Department of Mental Health (DMH) passed an emergency regulation which prohibited possession of electronic devices with the capability to connect to a wired and/or wireless communications network.[1] Cal. Code Regs., tit. 9 § 4350 (2010). Included in the emergency regulation's definition of contraband are Plaintiff's personal laptop computer and PlayStation Portable (PSP). Id.

Plaintiff alleges that the emergency regulation violates his rights under the First, Fifth, and Fourteenth Amendments, and constitutes breach of contract. Plaintiff seeks damages and an injunction prohibiting Defendants Steven Mayberg, the Executive Director of the DMH, and Pam Ahlin, Executive Director of CSH, from enforcing the regulation, which will lead to the confiscation of Plaintiff's personal property.

### B.    Case or Controversy Requirement

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010); Chandler v. State Farm Mutual Auto. Ins. Co., 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a

---

[1] The final regulation was issued in 2010.

likelihood that the injury will be redressed by a decision in his favor.  <u>Human Life of Washington Inc.</u>, 624 F.3d at 1000 (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted).  Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur.  <u>Chandler</u>, 598 F.3d at 1122 (citation omitted).  Ripeness is a question of timing and can be characterized as standing on a timeline.  <u>Thomas v. Anchorage Equal Rights Comm'n</u>, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted).

At the time Plaintiff filed this action, his laptop and PSP had not been confiscated pursuant to section 4350 and it is unclear when or even if the regulation will be enforced against Plaintiff.  The mere existence of the regulation does not satisfy the case or controversy requirement, <u>Thomas</u>, 220 F.3d at 1139 (citation omitted), and therefore, Plaintiff's claims are unripe and are subject to dismissal for lack of subject matter jurisdiction.[2]  However, given the passage of time between the initiation of this suit and the issuance of the screening order, the Court will permit Plaintiff leave to amend in the event that this deficiency is curable.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.   <u>Conclusion and Order</u>**

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Plaintiff's complaint, filed January 14, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

---

[2] Plaintiff's contract claim is premised on the changes made to AD 654 in 2006.  However, section 1983 claims must be premised on the violation of the Constitution or other federal rights, <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009), and the Court declines to reach the viability of a state law contract claim in the absence of any federal claims upon which to base supplemental jurisdiction.  28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2          action will be dismissed for failure to state a claim.

3

4    IT IS SO ORDERED.

5    **Dated:    May 31, 2011**                              _/s/ Sheila K. Oberto_
                                                          UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4